John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**2999TC ACQUISITIONS, LLC,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 21-31954-HDH-11**<br><br>**CHAPTER 11** |
| **2999TC ACQUISITIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HNGH TURTLE CREEK, LLC, VIPIN NAMBIAR, HN GREEN HOLLOW CAPITAL PARTNERS, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. 21-03085-HDH** |

## MOTION TO DISMISS AND MOTION FOR SANCTIONS

HNGH Turtle Creek, LLC ("**HNGH**"), files this *Motion to Dismiss and Motion for Sanctions* (the "**Motion**") along with incorporated briefs in support, seeking (i) dismissal of counts 5 and 6 of 2999TC Acquisitions, LLC's (the "**Debtor**" or "**Plaintiff**") *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. § 548 and 550* (the "**Complaint**") [Dkt. No. 1], and (ii) imposition of sanctions against 2999TC Acquisitions, LLC for filing claims it has previously released

and that were previously raised and, through a final judgment on the merits, dismissed with prejudice. In support thereof, HNGH respectfully states as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. HNGH consents to entry of a final order by the Bankruptcy Court.

## BACKGROUND

### A. THE PRE-PETITION INDEBTEDNESS AND MATURITY DATE DEFAULT BY THE DEBTOR

4. On September 20, 2019, HNGH's predecessor in interest, 2999 Turtle Creek LLC, made a loan to the Debtor in the principal amount of $32,500,000.00, as evidenced by that certain Secured Promissory Note dated as of September 20, 2019 (the "**Note**"). The Note is secured by the real property located at 2999 Turtle Creek Boulevard in Dallas, Texas (the "**Property**"), including all improvements and fixtures, as evidenced by that certain Deed of Trust, Security Agreement and Fixture Filing made as of September 20, 2019 (the "**Deed of Trust**"), and recorded in the real property records of Dallas County, Texas. The Debtor's obligations under the Note and Deed of Trust are guaranteed by Timothy Barton pursuant to a Guaranty dated as of September 20, 2019 (the "**Guaranty**"). HNGH is the holder of the Note, Deed of Trust, and Guaranty, as acknowledged by the Debtor and Barton in the Forbearance Agreement defined below.

5. The Note matured on October 1, 2020, and Debtor failed to qualify for a maturity date extension under the terms and conditions of the Note due to its numerous prior defaults, including:

> (i) failure to pay the real estate taxes in connection with the Property due on or about February 1, 2020; (ii) failure to replenish the interest reserve in the amount of $1,376,916.67; (iii) failure to pay a portion of the monthly interest payment due on June 1, 2020 in the amount of $11,194.45; (iv) failure to pay monthly interest payments

> due on July 1, August 1, September 1, and October 1 [2020]; (v) failure to pay the principal amount of $32,500,000 as of October 1, 2020, and (vi) failure to pay property taxes totaling $337,827.55 for the Property which were owed and due to be paid by January 31, 2021.

Exhibit 1, Recital C. Following the Debtor's maturity date default, HNGH began collecting default interest pursuant to the terms and conditions of the Note.

## B. POST-MATURITY DEFAULT LITIGATION – DISMISSED WITH PREJUDICE

6. Following the Debtor's maturity date default, and almost immediately after nonsuiting a separate state court action in which the Debtor failed to halt earlier foreclosure proceedings, the Debtor and Timothy Barton took a second bite at the apple and filed suit against HNGH, Green Hollow, and Vipin Nambiar in the District Court for the Northern District of Texas (Case No. 3-20-CV-3229) (the "**Federal Case**"). As with the earlier state court action, the Federal Case was commenced in a bid to buy more time and frustrate HNGH's efforts to exercise its legitimate remedies. The amended complaint for the Federal Case is attached as **Exhibit 1**.

7. In the Federal Case, the Debtor and Barton raised the same fraud by nondisclosure claim currently being brought against HNGH, Green Hollow, and Vipin Nambiar. The fraud by nondisclosure claim in the present case is a rehash of count 9 of the amended complaint in the Federal Case—both claims raise and arise from the same factual allegations. Notably, both fraud by nondisclosure claims allege that HNGH, Green Hollow, and Vipin Nambiar "sought confidential and secret information from Plaintiff[s] while concealing that [they] … had formed HNGH for the purpose of orchestrating a scheme to wrongfully foreclose on the [Property]". [Exhibit 1, ¶ 99]; Complaint, ¶ 54. These claims each go on to state that "by failing to disclose this information, [Defendants] intended to and, in fact, did induce [the Debtor and Barton] to disclose [confidential and secret information], which Plaintiff[s] relied upon … and suffered … as a result." [Exhibit 1, ¶ 105]; Complaint, ¶ 54.

8. On January 10, 2021, the District Court entered an Agreed Final Judgment dismissing the Fraud by Nondisclosure claims against HNGH, Green Hollow, and Vipin Nambiar. The Agreed Final Judgment is attached as **Exhibit 2**. Even so, the Debtor literally cut and pasted the same allegations from the Federal Case into its Complaint in this adversary proceeding.

## C. RELEASES UNDER THE FORBEARANCE AGREEMENT

9. Despite the Debtor's many defaults, HNGH agreed to temporarily delay foreclosing on the Property in early January, 2021 in exchange for an immediate partial interest payment by the Debtor of $100,000, plus an additional $100,000 payment on February 2, 2021—generous terms for the Debtor at a time when interest was accruing at rate of more than $600,000 per month.

10. On March 1, 2021, the Debtor and HNGH negotiated and entered into the Forbearance and Payoff Agreement (the "**Forbearance Agreement**"), under which HNGH would refrain from exercising its remedies and foreclosing on the Property from through October 29, 2021 so long as the Debtor satisfied certain terms and conditions.

11. Under the Forbearance Agreement, the Debtor's outstanding defaults and accrued default interest were converted into principal payment obligations under the Note effective as of December 31, 2020. Accordingly, effective on December 31, 2020, the principal balance of the loan and Note became $40,073,171. That amount, in addition to any accrued and unpaid interest or other obligations under the Forbearance Agreement, came due on July 31, 2021. Though the Debtor once again failed to satisfy its debts at maturity, HNGH allowed it to exercise its extension option under the Forbearance Agreement. The three-month forbearance extension pushed the maturity date to October 29, 2021. As a result, the Debtor has had more time in forbearance than it did during the initial term of the note during which to develop or sell the Property, or refinance HNGH's debt.

12. As material consideration for HNGH's entry into the Forbearance Agreement, the Debtor agreed—among a myriad of other things—to irrevocably, forever release and discharge

HNGH, Vipin Nambiar, and any predecessor of HNGH from any and all liability in connection with or relating to the Debtor's Forbearance Agreement, any obligations under the Loan Documents, and any other relationship, agreement, or transaction between the Debtor and HNGH (the "**Lender Releases**"). The full text of the Lender Releases are contained paragraph 11 of the Forbearance Agreement, attached hereto as **Exhibit 3**.

13. The Lender Releases encompass all claims asserted in prior litigation and all possible claims or causes of action arising prior to March 1, 2021. The Debtor and Barton even expressly acknowledged that neither HNGN nor any of its affiliates, agents, or representatives was in default with respect to any of its obligations under any of the Loan Documents, and that the Debtor and Barton possessed "no claim against [HNGH]…." Exhibit 3, ¶ 11(a)(1).

14. After the Debtor breached the Forbearance Agreement by filing for bankruptcy relief, Barton and the Debtor evinced their blatant disregard for the District Court's Judgment and the terms of the Forbearance Agreement by (i) instituting this adversary proceeding to pursue a fraud by nondisclosure claim previously dismissed with prejudice by the District Court in the Federal Case, and (ii) filing the same claims it released in the Forbearance Agreement.

## STANDARD FOR RELIEF

15. Under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a defendant in an adversary proceeding may move to dismiss a claim based on a plaintiff's failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 734 (5th Cir. 2019) (citing *Iqbal*, 556 U.S. at 678 (further citations omitted)).

16. Courts construe complaints liberally in favor of plaintiffs and take all facts pleaded in a complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing

*Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Complaints are construed in the light most favorable to the plaintiff, with every doubt resolved in the plaintiff's behalf. *Id.* However, only factual allegations are afforded a presumption of truth. *See Iqbal*, 556 U.S. at 678-79. Courts do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 ((5th Cir. 2005)). A Court considering a motion to dismiss may begin its analysis by identifying which allegations are accepted as true, and which allegations are mere conclusory statements. *Iqbal*, 556 U.S. at 665. Threadbare recitals of a cause of action's elements, supported by mere conclusory statements are nor accepted as true. *Id.*

17. "Claims alleging fraud must also comply with the supplemental pleading requirements of Rule 9(b), which demand that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Kreway v. Countrywide Bank, FSB*, 647 Fed. Appx. 437 (5th Cir. 2016); Fed. R. Civ. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Simple allegations that defendants possess fraudulent intent do not comply with Rule 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir 2008) (citing *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994)). A plaintiff "must set forth *specific facts* supporting an inference of fraud." *Id.*

**<u>Motion to Dismiss</u>**

18. The Debtor asserts fraud by nondisclosure and fraudulent inducement (together the "**Fraud Claims**") in its fifth and sixth counts against HNGH. Raising either of these claims requires compliance with the heightened pleading standard of Rule 9(b). *Dorsey*, 540 F.3d at 338-39. The Debtor's Fraud Claims are not asserted with the specificity required by Rule 9(b), and as such, cannot survive the scrutiny of a Rule 12(b)(6) motion.

19. Rule 9(b) pleading standards are stringent, requiring specificity with respect to the underlying facts constituting fraud. As the Fifth Circuit has stated:

> "This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (internal quotations omitted). Put simply, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (internal quotations omitted).

*Id.* at 339.

20. In its fraud by nondisclosure claim, the Debtor presents incoherent ramblings that HNGH and Green Hollow formed HNGH "for the purpose of orchestrating a scheme to wrongfully foreclose on the Property or take the Property from the [Debtor]." [Complaint, ¶ 53]. This claim lacks specificity and alleges no facts as to when and where the alleged fraudulent concealment took place, what confidential or secret information was allegedly provided as a result, what the Defendants did that constitutes conspiring to wrongfully foreclose. The claim is insufficient to meet even the most basic Rule 8 pleading standard; it presents nothing more than unadorned "the-defendant-unlawfully-harmed-me" accusations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing the base pleading requirements to meet less-stringent Rule 8 standards).

21. The fraudulent inducement claim falls even shorter of meeting Rule 9. In the fraudulent inducement claim, the Debtor states that Mr. Nambiar and HNGH represented they would act in good faith in dealing with the Debtor and Barton to induce the Debtor into entering the Forbearance Agreement. [Id., at ¶ 56]. Aside from characterizing this as a misrepresentation, the Debtor makes no effort—and indeed, cannot in good-faith allege, any facts explaining *how* Mr.

Nambiar or HNGH misrepresented that they would act in good faith. Once again, these bare-bones allegations do nothing more than say "the-defendant-unlawfully-harmed-me." In addition, the Complaint lacks any evidence that Defendants did not act in good faith with regards to the Forbearance Agreement. It appears undisputed that the Debtor received the benefit of its bargain under the Forbearance Agreement, and was provided until 1:00 p.m. New York time on October 29, 2021 by which to satisfy its outstanding note balance. As evidenced in section 9 of the Forbearance Agreement, the Debtor agreed that non-payment at maturity would constitute a "Transfer Event" entitling HNGH to exercise its right to file a Special Warranty Deed evidencing HNGH's ownership of the property *in its sole discretion*. Forbearance Agreement, § 9.

22. Simply put, the Debtor's Complaint lacks any information about what HNGH purportedly did or how it allegedly conspired against the Debtor to commit fraudulent nondisclosure. Similarly, the Debtor's Complaint lacks any information about how HNGH purportedly fraudulently induced the Debtor into entering the Forbearance Agreement or other Loan Documents. The Complaint utterly fails to present any facts that would propel the Complaint over the threshold for pleading fraud under Rule 9. Instead, the Debtor vaguely alludes that Defendant possessed some fraudulent intent when dealing with the Debtor. That allegation similarly fails to overcome the threshold pleading standards of Rule 9(b). *See Dorsey*, 540 F.3d at 339 (Simply stating a defendant has fraudulent intent does not satisfy the Rule 9(b) pleading requirement). Accordingly, the Debtor fails to state a claim on which relief can be granted, and its Fraud Claims should be dismissed.

## SANCTIONS

23. As discussed earlier in this Motion, the Debtor's fraud by nondisclosure claim was previously asserted by the Debtor and Barton in the Federal Case. *See* Exhibit 1. The fraud by nondisclosure claim was dismissed with prejudice. *See* Exhibit 2. Following the dismissal of the Federal Case against HNGH, Green Hollow, and Mr. Nambiar, the parties entered the Forbearance

Agreement in which the Debtor released and waived its claims against HNGH, Green Hollow, and Mr. Nambiar from any and all liability in connection with or relating to the Debtor's Forbearance Agreement, any obligations under the Loan Documents, and any other relationship, agreement, or transaction between the Debtor and HNGH arising before March 1, 2021.

24. Despite the District Court's Judgment and the Lender Releases in the Forbearance Agreement, which clearly release HNGH of all liability on the Fraud Claims, the Debtor continues to pursue the very claims it released, evincing its disregard for not only its own word, but a federal court's order.

25. Under Rule 9011(b), by presenting a pleading to the Court, a party certifies that to the best of their knowledge, information, and belief, formed after inquiry reasonable under the circumstances, that the claims presented therein are "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" and that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"

26. Under Rule 9011(c), "if, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

27. The Debtor's claims in this adversary proceeding are entirely frivolous and baseless. As discussed at length in this Motion, the Debtor released and waived all claims against HNGH, Green Hollow, and Vipin Nambiar in connection with the Debtor's loan agreement. Despite this, the Debtor commenced this adversary proceeding bringing the *same* claims it previously released. A party—especially a represented party—that pursues claims it has previously released and waived any right to

assert may be found in violation of Rule 9011. *See Busch v. Basic Organics, Inc.*, 2007 WL 603385 (N.D. Tex. 2007) (*Pro se* plaintiff who previously dismissed claims with prejudice and released defendants could not bring dismissed and released claims in second action asserting the same claims; sanctions not imposed only because plaintiff was *pro se*). And again, the fraud by nondisclosure claim was dismissed with prejudice in the Federal Case. Sanctions are warranted where a party ignores the entry of adverse final judgments. *Bryant v. Plains Nat'l Bank of Lubbock, Tex.*, No. 5:05-CV-034-J, 2005 WL 1704946, at *3 (N.D. Tex. July 19, 2005) ("Repeatedly suing the same parties over and over, asserting the same factual claims and legal causes of action, after and in spite of the entry of multiple adverse final judgments ... is harassment and a gross abuse of the judicial process."). Given the Debtor's prior release, entry of a federal court judgment dismissing claims with prejudice, and the Debtor and its President's litigious behavior, this Court should sanction the Debtor for its actions.

## PRAYER

**WHEREFORE**, HNGH respectfully requests that the Court enter the proposed order filed contemporaneously with this Motion, (a) dismissing all claims and causes of action asserted by Plaintiff against HNGH for failure to state a claim under Rule 12(b)(6), (b) imposing sanctions against Plaintiff for filing frivolous and baseless causes of action, and (c) granting HNGH such other and further relief to which it may be justly entitled.

DATED: December 8, 2021

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ R. Hale Neilson*
John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: hneilson@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 8st day of December, 2021, served a copy of the foregoing, by ECF upon all parties in interest and by e-mailing the same, upon counsel of record as follows:

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Tel: (972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com

*/s/ R. Hale Neilson*
R. Hale Neilson

## CERTIFICATE OF CONFERENCE

I do hereby certify that on this 8st day of December, 2021, I conferred with counsel for the Debtor via email regarding the relief requested herein. The Debtor has not responded regarding whether it opposes the relief requested herein.

*/s/ John J. Kane*
John J. Kane