

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 18, 2022**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-31954-HDH-11 |
| 2999TC ACQUISITIONS, LLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| 2999TC ACQUISITIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 21-03085-HDH |
| HNGH TURTLE CREEK, LLC, VIPIN NAMBIAR, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

### AGREED ORDER OF JUDGMENT AND DISMISSAL OF ADVERSARY PROCEEDING WITH PREJUDICE TO REFILING

**CAME ON FOR CONSIDERATION BY THE COURT** the *Complaint to Avoid and*

*Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550* (the "**Complaint**") [Adv. Dkt. No. 1] filed on November 11, 2021 by 2999TC Acquisitions, LLC (the "**Plaintiff**" or "**Debtor**") against HNGH Turtle Creek, LLC ("**HNGH**"), Vipin Nambiar ("**Nambiar**") and HN Green Hollow Capital Partners, LLC ("**Green Hollow**" and collectively with HNGH and Nambiar, the "**Defendants**") in the above styled adversary proceeding (the "**Adversary Proceeding**"), and Defendants' *Motion to Dismiss and Motion for Sanctions* (the "**Motion to Dismiss**") [Adv. Dkt. No. 8] filed on December 8, 2021. In issuing this order (the "**Adversary Order**") the Court has considered the Complaint, the Motion to Dismiss, all other pleadings filed by the parties in this Adversary Proceeding and in the Debtor's bankruptcy case, Case No. 21-31954 (the "**Bankruptcy Case**"), the arguments of counsel and evidence presented in the Adversary Proceeding and the Bankruptcy Case, the agreement of the parties set forth in that certain *Agreed Order Regarding Motion to Lift Stay [Doc. 10] Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15] and Motion to Enforce Stay [Doc. 14]* (the "**Agreed Order**"), and the representations of counsel at the March 11, 2022 status conference in the Bankruptcy Case and in the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* (the "**Stipulation and Modifying Order**") filed and approved in the Bankruptcy Case. The Court has also taken judicial notice of pleadings filed and orders entered in other proceedings involving the Debtor's principal, Mr. Timothy Barton, or the Debtor, including but not limited to Case No. 3-20-CV-3229 previously pending in the District Court for the Northern District of Texas.

The Court, having found, among other things: (i) that prior to October 29, 2021 (the "**Petition Date**"), HNGH was the owner, holder, and beneficiary of that certain Note[1] as amended or modified from time to time, including by that certain Forbearance Agreement, and secured by the Property as evidenced by that certain Deed of Trust; (ii) that the Debtor defaulted on its payment obligations under the Note by failing to pay all amounts due and owing by 1:00 pm ET on the maturity date, October 29, 2021; (iii) that following the Debtor's default, HNGH properly exercised its right to file the Deed in Lieu in accordance with the terms and conditions of the Forbearance Agreement; (iv) that HNGH caused the Deed in Lieu to be *filed* with the Dallas County Clerk before the Debtor commenced its Bankruptcy Case; (v) that the Debtor argues that the Deed in Lieu was not *recorded* in the Dallas County Real Property Records by the Dallas County Clerk until November 1, 2021 and so was unperfected as of the Petition Date; (vi) that the Debtor has not yet paid the Payoff Amount but has agreed to the dismissal with prejudice of the adversary proceeding, and that Timothy Barton and the Parties have agreed to the terms and conditions of this Adversary Order; (vii) that if the Debtor satisfies the Payoff Amount by the Payoff Deadline, as modified by the Stipulation and Modifying Order, HNGH shall contemporaneously file the Rescission Deed, re-vest the Property with the Debtor, reinstate the Note, and accept the Payoff Amount in full and final satisfaction of the Note; and (viii) that good cause exists to enter this Adversary Order, it is hereby:

ORDERED, ADJUDGED AND DECREED that all claims and causes of action asserted by Plaintiff in the Complaint are unmeritorious and are denied in their entirety and DISMISSED WITH PREJUDICE TO REFILING. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff, on behalf of itself, its officers, employees, equity holders or other representatives, and Timothy Barton, on behalf of himself and all entities managed or controlled by him to the extent allowed by controlling entity documents and applicable law, each release and expressly waive all claims and causes of action against Defendants or

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in *HNGH Turtle Creek, LLC's Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support* [Dkt. No. 9].

any of their respective equity holders, officers, directors, employees, and representatives arising out of or that could arise out of or otherwise relate to any factual allegations set forth by Plaintiff in the Complaint, any other facts related to the Loan Documents or interactions of the Parties, their employees, equity holders or other representatives, including any factual allegations in the previous litigation referenced in the Complaint and that, in exchange and by agreement of Defendants, HNGH's *Motion to Dismiss and For Sanctions* [Adv. Dkt. No. 9] shall be and hereby is DENIED such that neither Debtor nor Timothy Barton shall be sanctioned in this Adversary Proceeding.  It is further,

ORDERED, ADJUDGED AND DECREED each party to the Adversary Proceeding shall be responsible for its own fees, costs, and expenses incurred in this Adversary Proceeding, and that neither Plaintiff nor Defendant shall be entitled to any damages.  It is further

ORDERED, ADJUDGED AND DECREED that by agreement of the parties, all claims or causes of action asserted in the Complaint are hereby adjudicated on the merits, and that this Adversary Order shall be the result of litigation to final judgment, and accordingly shall have res judicata and collateral estoppel effect, and shall be binding on each of the Plaintiff, Timothy Barton, and Defendants.  It is further

ORDERED, ADJUDGED AND DECREED that this Court retains jurisdiction to enforce the terms and conditions of this Adversary Order, and may issue sanctions or hold any party to this order in contempt of court for failure to comply with the terms and conditions herein.  And it is

ORDERED, ADJUDGED AND DECREED that upon the effectuation of this Adversary Order, the Adversary Proceeding shall be closed.

# # # END OF ORDER # # #

APPROVED AND AGREED:

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Proposed Attorneys for Debtor

*/s/ John J. Kane*
John J. Kane
State Bar No. 24066794
Kane Russell Coleman Logan PC
Bank of America Plaza
901 Main Street, Suite 5200
Telephone: (214) 777-4200
Counsel for HNGH Turtle Creek, LLC

By: /s/ Steven C. Metzger
Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com
Attorney for Timothy Barton

_____
Timothy Barton